IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WALTER EARNEST VAUGHN                                                              PLAINTIFF

v.                               Civil No. 4:24-cv-04017-SOH-BAB

MICKEY BUCHANON                                                                    DEFENDANT

### REPORT AND RECOMMENDATION

Plaintiff, Walter Earnest Vaughn, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on February 21, 2024. (ECF No. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3).

In his Complaint, Plaintiff only names his public defender, Mickey Buchanon, as a Defendant. (ECF No. 1, p. 2). Plaintiff claims Defendant Buchanon violated Plaintiff's Sixth Amendment rights to effective assistance of counsel and to a speedy trial. *Id*. at 4. Plaintiff goes

1

on to allege Defendant Buchanon refused to aid in his criminal case and works against Plaintiff instead of for Plaintiff. Lastly, Plaintiff complains of Defendant Buchanon's requests for continuances in Plaintiff's criminal case. *Id.* at 5. Plaintiff asserts these claims against Defendant Buchanon in both his individual and official capacity.

For relief, Plaintiff requests compensatory and punitive damages and that Defendant Buchanon be suspended from the state bar. *Id*. at 9.

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Plaintiff fails to state a claim against Defendant Buchanon because allegations against a public defender must fail as a matter of law when alleged under Section 1983.   *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (private actors can only be liable under Section 1983 if "they are willing participants in a joint action with public servants acting under color of state law.") (internal citations omitted).   "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation."   *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").   Accordingly, Plaintiff's complaints, regarding the representation by his counsel in his criminal trial, do not constitute a cognizable claim under 42 U.S.C. § 1983.

Since Plaintiff has failed to state an individual claim against Defendant Buchanon, he cannot maintain an official capacity claim against him.   *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986))

### IV.   CONCLUSION

For these reasons, it is recommended Plaintiff's claims against Defendant Buchanon be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) for failure to state a claim upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of Apirl 2024.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE